Dennis and Susan **DERHEIM**, Plaintiffs,

v.

**HENNEPIN COUNTY BUREAU OF SO-CIAL SERVICES, DEPARTMENT OF COMMUNITY SERVICES**, Defendant.

Civ. No. 4–81–207.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 5, 1981.

Allen H. Gibas, Minneapolis, Minn., for plaintiffs.

Thomas L. Johnson, Hennepin County Atty., and Robert W. Gyurci, Asst. County Atty., Minneapolis, Minn., for defendant.

MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

The plaintiffs brought this action under 42 U.S.C. §§ 1983 and 1988 seeking attorney's fees incurred in a state administrative proceeding. The matter is now before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), and also on the plaintiffs' cross-motion for summary judgment. For the reasons stated herein, the defendant's motion to dismiss will be granted.

FACTS

The plaintiffs, Dennis and Susan Derheim, applied in April, 1978, for a Foster Family Home (FFH) license. A license was granted in mid-September, 1978. In February, 1979, the plaintiffs were entrusted with the custody of two young girls. In early August, 1979, the FFH licensing workers of

the local welfare agency obtained information indicating that Mr. Derheim had, as a juvenile, been involved in an incident concerning an assault on a young girl. This incident had not been disclosed in the plaintiffs' license application. The FFH workers confronted Mr. Derheim with this information, and advised him that the plaintiffs' license was being suspended. The next day the two foster children were removed from the plaintiffs' home. Three days later the plaintiffs were notified in writing that their FFH license was suspended and would not be renewed upon its expiration in mid-September, 1979.

The plaintiffs retained an attorney and filed an appeal with the Commissioner of Public Welfare under the procedures set forth in Minn.Stat. § 245.801 (1980). A hearing was held before a hearing examiner on November 27, 1979. The plaintiffs assert that they contested the suspension and nonrenewal of the FFH license on both constitutional and state statutory grounds. The hearing examiner recommended that the plaintiffs' license be renewed on the basis that the evidence failed to justify nonrenewal of the license by the defendant. The Commissioner of Public Welfare adopted the hearing examiner's findings and conclusions and ordered that the plaintiffs' license be renewed.

On July 8, 1980, the plaintiffs' attorney filed a petition seeking attorney's fees pursuant to 42 U.S.C. § 1988 with the Commissioner of Public Welfare. After a hearing held on September 17, 1980, a hearing examiner recommended denial of the petition for attorney's fees. The hearing examiner found that neither the Minnesota Public Welfare Licensing Act, Minn.Stat. § 245.781 *et seq.*, nor any other Minnesota statute or agency rule authorized attorney's fees in appeals from suspensions or nonrenewals of FFH licenses. He also found:

> Although an award of attorneys' fees is authorized in certain proceedings under 42 U.S.C. § 1983, as [plaintiffs] point out, the instant matter did not involve 42 U.S.C. § 1983, and such statute does not authorize the Hearing Examiner, nor the Department, which derive their authority from state law and rules, to award attorneys' fees. The [plaintiffs'] remedy, if any, is in the Federal courts. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 67, 100 S.Ct. 2024, 2033, 64 L.Ed.2d 723 (1980).

Hearing Examiner's Recommended Order at p. 3. On April 1, 1981, the Commissioner adopted the hearing examiner's recommended order and denied the request for attorney's fees.

The plaintiffs thereafter filed suit in the federal district court for the sole purpose of seeking attorney's fees. The complaint is based on 42 U.S.C. §§ 1988 and 1983.[1] The plaintiffs argue that section 1988 authorizes awards of attorney's fees for legal work done in state administrative proceedings, and that a prevailing party may commence a civil suit in a federal court under sections 1983 and 1988 for the sole purpose of obtaining an award of attorney's fees for legal work done in state or local proceedings. The defendants argue that the complaint should be dismissed for various reasons, the principal one being that section 1988 does not authorize awards of attorney's fees for state administrative actions.

DISCUSSION

This case raises an important issue concerning the scope of 42 U.S.C. § 1988. The relevant portion of section 1988 provides:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (Supp.1981). The issue before the Court is whether a person having

---

1. The complaint does not mention section 1983, nor does it seek any relief other than attorney's fees. The plaintiffs assert that the reference to section 1983 was omitted by inadvertence. For purposes of the motions now before the Court, it will be assumed that the failure to mention section 1983 was mere inadvertence and that the complaint would be amended to refer to section 1983.

two different forums to choose between in seeking redress from an action of a state, either a state administrative procedure or through a section 1983 action in court of general jurisdiction, may choose the state administrative procedure and, if successful, later bring an independent action in a federal court to recover attorney's fees under section 1988.

The plaintiffs argue that the phrase "any action or proceeding" should be construed to include state administrative actions involving the same nucleus of operative facts upon which a section 1983 claim could be based. They rely on two recent decisions of the United States Supreme Court.

The first case is *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), where the Supreme Court held that a plaintiff who reaches a favorable settlement with the defendant is a "prevailing party" within the meaning of section 1988 even though the litigation ended in a settlement rather than a judgment on the merits. The Court also held that when a nonfrivolous constitutional section 1983 claim is joined with a statutory, non-civil-rights section 1983 claim, the Eleventh Amendment does not bar an award of attorney's fees against a state.

The second case upon which the plaintiffs rely is *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1979), which involved the attorney's fees provision of Title VII of the Civil Rights Act of 1964. In *New York Gaslight Club*, the plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC) under Title VII. The complaint was referred to a state administrative agency (as is required by Title VII) where the plaintiff was represented by a lawyer. As the state proceedings slowly progressed, the plaintiff received a right to sue letter and filed an action in federal court. When the plaintiff ultimately prevailed in the state's highest court, the federal lawsuit was dismissed except for the request for attorney's fees.

The Supreme Court held that a plaintiff in a Title VII case may recover attorney's fees incurred in proceedings before a state administrative agency. Section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), provides: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs ...." The Supreme Court broadly construed the phrase "any action or proceeding" to encompass state administrative proceedings. This construction was largely based on the remedial scheme established by Title VII. The term "proceeding" is used throughout Title VII to refer to state or local remedies to which complainants are required to resort. 100 S.Ct. at 2030. In addition, the structure of the enforcement scheme whereby complainants must resort to state and local remedies prior to invoking federal remedies indicates that no distinction should be drawn between state administrative procedures and federal lawsuits for purposes of awards of attorney's fees. "It is clear from this scheme of interrelated and complementary state and federal enforcement that Congress viewed proceedings before the EEOC and in federal court as supplements to available state and local remedies for employment discrimination." 100 S.Ct. at 2031. To further this congressional design of cooperation, attorney's fees were held to be authorized for work performed before a state administrative agency as well as in a federal court.

The Supreme Court, in dictum, went on to say that it would be anomalous if a complainant who is unsuccessful in the state proceeding and must file a federal action to get relief may recover attorney's fees for the state proceeding, while a complainant who is completely successful in a state proceeding could not recover attorney's fees. Therefore, the Court reasoned, a complainant must have a right to bring an action in federal court "solely to obtain an award of attorney's fees for legal work done in state and local proceedings." 100 S.Ct. at 2032. It is this dictum upon which the plaintiffs here primarily rely.

■ Although the language of section 706(k) of Title VII and section 1988 are similar, the reasoning of the *New York Gaslight Club* case is not controlling here. The reason is that unlike Title VII "no Congressional policy exists under § 1983, or any of the civil rights statutes enumerated in § 1988, which mandates that civil rights claimants initiate their actions at the state or local level before an action in federal court is proper." *Blow v. Lascaris*, 523 F.Supp. 913 at 916 (N.D.N.Y. Aug. 31, 1981). A section 1983 plaintiff is not required, at least under current law, to exhaust the administrative remedies that may be available. *McNeese v. Board of Education*, 373 U.S. 668, 82 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Green v. Ten Eyck*, 572 F.2d 1233, 1239–40 (8th Cir. 1978). Here, the plaintiffs had a choice between two avenues for obtaining the relief of having their FFH license reinstated. They could have brought a section 1983 action in federal court, or they could have filed an appeal in the state administrative agency. They chose the latter, and obtained complete relief. Therefore they had no need to file a section 1983 claim.

■ Even if exhaustion of administrative remedies were required in section 1983 cases, the type of administrative remedy available distinguishes section 706(k) of Title VII from section 1988. In Title VII actions, the EEOC and its state counterparts are designed to conciliate and resolve a particular type of dispute—employment discrimination complaints. The administrative agency deals with the same facts and legal issues as are raised in Title VII lawsuits in federal courts. The state administrative remedies available to a section 1983 plaintiff, however, are not designed to conciliate and resolve the same legal issues as may be involved in a section 1983 lawsuit. The administrative agency applicable in a particular case may deal with a much different array of issues. For example, in the instant case the issue decided by the state hearing examiner involved sufficiency of the evidence tending to show whether the plaintiffs were unfit to be foster parents. The issue in a section 1983 lawsuit would have been whether the plaintiffs had a property or liberty right in their FFH license and, if so, whether the county had complied with the requirements of the due process clause. Although the same nucleus of facts are involved, the issues presented are much different.[2] Moreover, the relief available from the administrative agency may not in all cases adequately vindicate the federal right secured by section 1983. Therefore, even if a section 1983 plaintiff were required to exhaust all available administrative remedies, the Court could not conclude that a state administrative appeal was meant to be included in the phrase "action or proceeding to enforce a provision of section[ ] ... 1983" as that phrase is used in section 1988. *Accord, Blow v. Lascaris*, 523 F.Supp. 913 (N.D.N.Y., 1981).

The plaintiffs also attempt to characterize their administrative appeal as a form of section 1983 action. They point out that section 1983 establishes liability of a defendant to the injured party "in an action at law, suit in equity, *or other proper proceeding for redress.*" 42 U.S.C. § 1983 (emphasis added). They argue that this phrase should be interpreted to include state ad-

2. Because the legal issues may be much different between an administrative action and a section 1983 lawsuit, the anomalous situation that troubled the Supreme Court in Title VII cases does not necessarily exist in section 1983 cases. That is, if a Title VII plaintiff prevails on the merits in a state administrative proceeding, he or she would probably also prevail in a federal action. It would be illogical to prohibit attorney's fees for the claimant who has such a strong case that he or she prevails early in an administrative proceeding, while the claimant who must go through several levels of proceedings, culminating in a federal lawsuit, may recover attorney's fees. Such a result would penalize the most deserving claimants. In an administrative action parallel to a section 1983 claim, however, the issues are often different. A plaintiff with a strong case before an administrative body may have a very weak section 1983 claim. Thus, it is not so anomalous that one party may succeed before the administrative body and recover no attorney's fees, while another party may fail before the administrative body and then go to federal court and recover attorney's fees for the federal action.

ministrative remedies. The important fact that the plaintiffs overlook is that their administrative appeal of the revocation of their FFH license was not taken before a court of general jurisdiction. The appeal was taken to the Commissioner of Public Welfare, who has authority to hear only appeals from actions taken by the Public Welfare agency. Minn.Stat. § 245.801 (1980). The Commissioner has no authority to consider and grant relief on a section 1983 claim.

■ In addition to the foregoing reasons, the Court notes that section 1988 itself does not.create an independent right of action to recover attorney's fees. In *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), a case decided prior to the 1976 amendment which added the attorneys' fees provision to section 1988, the Supreme Court ruled that section 1988 does not create a right of action. Its function is to authorize remedies for violations of the other civil rights statutes.[3] The language of the 1976 amendment adding the attorney's fees provision gives no basis for deviating from the conclusion reached in *Moor v. County of Alameda.* The provision allows recovery of attorney's fees "as a part of the costs" awarded "[i]n any action or proceeding to enforce" section 1983. By its terms, it does not contemplate an independent action solely to recover attorney's fees. Moreover, the legislative history makes it clear that the attorney's fees provision is part of the remedy only.

> The purpose and effect of S. 2278 are simple—it is designed to allow courts to provide *the familiar remedy* of reasonable counsel fees to prevailing parties in suits to enforce the civil rights acts which Congress has passed since 1866.

S.Rep.No. 94–1011, 94th Cong., 2d Sess. 2 (1976), *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5909–10 (emphasis added).

Because section 1988 creates no independent right of action solely to recover attorney's fees incurred in a state administrative proceeding, and because the Court con-

cludes that the administrative appeal in this case was not an action or proceeding within the meaning of section 1988, the complaint fails to state a claim upon which relief may be granted. Accordingly,

IT IS ORDERED that the defendant's motion to dismiss be, and hereby is, granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

**3.** This holding was reaffirmed after the 1976 amendment in *Monell v. Department of Social* *Services,* 436 U.S. 658, 701 n. 66, 98 S.Ct. 2018, 2041 n. 66, 56 L.Ed.2d 611 (1978).