Elaine ESTES, Plaintiff-Appellant,

v.

TUSCALOOSA COUNTY, ALABAMA, Defendant-Appellee.

No. 82–7229
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 24, 1983.

Jack Drake, Tuscaloosa, Ala., for plaintiff-appellant.

John A. Owens, Tuscaloosa, Ala., for defendant-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

Elaine Estes is a Deputy Clerk in the Tuscaloosa County, Alabama, Clerk's Office. In 1980, the County Clerk suspended her for three days and reassigned her to the position of Account Clerk, a demotion. Estes employed an attorney and challenged this action before the Tuscaloosa County Civil Service Board, as she was entitled to do under Alabama law. The Board reversed the decision of the Clerk, and ordered Estes reinstated as Deputy Clerk with full benefits restored. Thereafter, Estes brought this action under 42 U.S.C. §§ 1983 and 1988, claiming, among other things, that she was entitled to recover fees for the services of her attorney in the administrative proceedings before Tuscaloosa County Civil Service Board. The district court entered summary judgment against Estes, concluding that she failed to make

out a claim under section 1983, and she took this appeal.

■ The sole question we must decide is whether section 1988 gives a cause of action in federal court to one, such as Estes, who has "prevailed," and has been made whole, in state administrative proceedings but who cannot establish a claim for relief, for violation of constitutional rights, under section 1983. We hold that it does not, for the reasons stated by the district court in its dispositive memorandum opinion, Record, vol. 1 at 86, set out in the appendix and therefore AFFIRM the judgment of the district court.

## APPENDIX

### *Memorandum of Opinion*

Plaintiff brought this action pursuant to 42 U.S.C. §§ 1983 and 1988, alleging a violation of due process rights in connection with plaintiff's employment, and seeking attorneys' fees incurred in this action and in a state administrative proceeding. This cause is now before the court on defendant's motion for summary judgment and plaintiff's cross-motion for partial summary judgment. Based on the undisputed material facts recited below, the court concludes that defendant is entitled to judgment as a matter of law.

In April, 1980, plaintiff was removed from her position as Deputy Clerk in the Tuscaloosa County Clerk's Office by her supervisor Robert Johnston, County Clerk of Tuscaloosa County, who informed plaintiff that she would be suspended for three days and reassigned to the position of Account Clerk. Under Alabama Act. No. 357 (Regular Session, 1949), civil service employees of Tuscaloosa County may be removed or demoted only for cause, and, if a demotion is appealed to the County Board, the demotion becomes final only after a hearing. Plaintiff challenged Johnston's actions, and a hearing was held before the Tuscaloosa County Civil Service Board, at which both plaintiff and Mr. Johnston were represented by counsel. The Board issued a written decision on July 9, 1981, finding that Mr. Johnston's charges were unsupported by substantial evidence and that the actions taken against plaintiff were unwarranted and in excess of Mr. Johnston's authority as a County Department Head. The Board ordered plaintiff reinstated as Deputy County Clerk with full benefits restored.

In the present action, plaintiff complains of the county commission's failure to expunge information concerning this incident from plaintiff's personnel file, its failure to grant a salary increase that had been given to deputy clerks in certain other county departments, and its failure to pay attorney's fees for plaintiff's representation during the administrative proceedings.

■ It is well established that the Fourteenth Amendment's due process protection of property interests extends to a public employee's legitimate expectations of continued employment. *Arnett v. Kennedy,* 416 U.S. 134 [94 S.Ct. 1633, 40 L.Ed.2d 15] (1974). However, not all employment related grievances by public employees rise to the level of constitutional claims. In order to invoke due process guarantees, there must be a constitutionally protected property or liberty interest at stake. In the present case, plaintiff has received the process due to safeguard her employment interests, and her remaining complaints do not implicate a property or liberty entitlement.

■ Plaintiff's request that her personnel file be expunged of derogatory material cannot form the basis of a § 1983 action under the circumstances of this case. It is clear that no action lies under § 1983 for mere damage to reputation. *Bradford v. Bronner,* 665 F.2d 680 (5th Cir.1982). A liberty interest is infringed only when the government's untrue charges might seriously damage a person's standing and associations in the community or when such charges impair some other protected interest such as employment or first amendment rights. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1975). While the charges against plaintiff involved her employment interests, any infringement on plaintiff's property or liberty interests was

remedied by the administrative hearing before the county board, as a result of which plaintiff was reinstated to her position as Deputy County Clerk and exonerated of all charges against her.

Moreover, plaintiff's claim to a pay raise does not indicate an entitlement sufficient to constitute a property interest. By a resolution adopted February 27, 1980 and made effective March 6, 1980, the county commission upgraded the salaries of the deputy clerks in the license commissioner's office, the tax collector's office, and the probate office to equal the salary of the deputy clerk in the tax assessor's office. The resolution stated expressly that the adjustment did not affect the salary of the deputy clerk in plaintiff's office. Any assertion that the denial of a raise was a failure to implement the board's order to reinstate plaintiff with full benefits must fail, for this order would restore the salary established for plaintiff's position, not grant additional benefits. There is no indication of any statute, rule, or understanding upon which plaintiff could rely for a legitimate claim of entitlement to a pay raise or the equalization of salaries for deputy clerks in all offices. Without such an entitlement, there is no constitutionally protected property interest to serve as the basis of a due process claim. See *Board of Regents v. Roth,* 408 U.S. 564 [92 S.Ct. 2701, 33 L.Ed.2d 548] (1972).

Finally, plaintiff asserts that, since she prevailed in a state administrative proceeding to protect her property interest in employment, § 1988 authorizes an award of attorney's fees for representation in that proceeding. The court finds plaintiff's claim for attorney's fees to be without merit. Section 1988 authorizes attorney's fees as part of a remedy for violations of civil rights statutes; it does not create an independent right of action. See *Derheim v. Hennepin County,* 524 F.Supp. 1321 (D.Minn.1981). Nor does § 1988 operate to make an award of attorney's fees an essential ingredient in providing "due process." In the present case, the plaintiff, having been accorded due process by the administrative proceeding, and having no independent claim under § 1983, is not entitled to an award of fees.

Plaintiff having failed to state a cause of action under 42 U.S.C. §§ 1983 and 1988, defendant is entitled to summary judgment as a matter of law. An order consistent with this Memorandum shall be entered separately.