LOTTINGER, Judge.
This is an appeal by Dr. Michael Berard from the district court’s order dismissing his complaint, which had been brought pursuant to the Civil Rights Attorneys Fees Awards Act, 42 U.S.C. § 1988. The fees sought were incurred by filing suit to enforce his rights to apply for licensure as a psychologist in Louisiana.
FACTS
On February 1, 1981, Dr. Berard applied for licensure as a psychologist to the Louisiana State Board of Examiners of Psychologists pursuant to Louisiana law. Dr. Ber-ard was denied candidacy status due to his failure to meet the requirements for licen-sure. Dr. Berard was informed of his rights under Board rules to meet alternative requirements. To meet these alternative requirements, Dr. Berard submitted his application to Dr. Laurence Siegel, chairman of the Department of Psychology of Louisiana State University, who wrote a letter to the Board that in his opinion, Dr. Berard met the alternative requirements. The Board then approved Dr. Berard as a licensing candidate, and informed him of his right to take the licensing exam.
At the next meeting of the Board, without prior notice to Dr. Berard, the Board rescinded his candidacy status because of a question regarding Dr. Berard’s educational background as meeting the licensing requirements. Thereafter, Dr. Berard filed suit against the Louisiana Department of Health and Human Resources, the Board, and various members of the Board in their individual capacities, alleging that the Board action in initially rejecting his application, and in later rescinding his candidate status, violated his rights to due process and equal protection of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution. Dr. Berard sought declaratory and injunctive relief, as well as compensatory damages under 42 U.S.C. § 1983. Also sought were attorney fees under 42 U.S.C. § 1988.
*842 Upon learning that Dr. Berard’s candidacy status was rescinded without notice and an opportunity to be heard, the trial court remanded the matter to the Board for a hearing in satisfaction with Dr. Berard’s rights to proper notice and due process of law.
Subsequently, Dr. Berard and the Board amicably resolved the matter through discussions and a settlement agreement. Dr. Berard was reinstated as a candidate and allowed to take the licensing exam. Pursuant to a joint motion, the suit was dismissed with prejudice with Dr. Berard reserving his right to seek attorneys fees.
The trial court heard the matter and denied the request for attorney fees, finding that the suit was not an action to enforce 42 U.S.C. § 1983, and was merely an appeal under the Louisiana Administrative Procedure Act of an adverse administrative decision. Dr. Berard then perfected the present appeal.
42 U.S.C. § 1983 provides, in pertinent part, as follows:
Every person who, under color of any statute, ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
The last sentence of 42 U.S.C. § 1988 provides as follows:
In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318,
⅝ ⅜! ⅝ ⅜ Sfc ⅝
or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.
ISSUES
Thus, our inquiry is narrowed to the following issues:
(1) was Dr. Berard’s action an action to enforce 42 U.S.C. § 1983; and
(2) if so, was Dr. Berard a prevailing party for the purpose of awarding attorney’s fees under 42 U.S.C. § 1988.
If both questions are answered in the affirmative, then Dr. Berard is entitled to an award of attorney’s fees.
I
In his suit, Dr. Berard alleged that the initial rejection and the later recission of his candidacy status violated the Fourteenth Amendment to the United States Constitution by depriving him of property without due process and equal protection of the law. Specifically, Dr. Berard alleged the Board’s actions to be arbitrary and capricious, were done without affording him notice and a due process hearing, and were based on unlawful criteria which differed from that uniformly applied to other candidates. Dr. Berard further alleged that the defendants were acting under the color of Louisiana law, and that the Board actions violated 42 U.S.C. § 1983 and § 1985.
The suit, based on the petition appears to be a suit in the first instance and not an appeal of an administrative decision. Dr. Berard sought declaratory and injunctive relief, as well as substantial compensatory damages. He specifically alleged numerous Constitutional right deprivations and demanded his rights under § 1983 and § 1985. Issues were raised which were not before the Licensing Board. This leads us to conclude that Dr. Berard was requesting more than judicial review of an adverse administrative decision, and that the suit was not an appeal of an administrative decision.
As support for the trial judge’s conclusion, defendants rely on Estes v. Tuscaloosa County, Alabama, 696 F.2d 898 (11th Cir.1983) and Derheim v. Hennepin County Welfare Board, Department of Community Services, 688 F.2d 66 (8th Cir.1982) *843 which denied awards of attorney’s fees because the actions therein were not brought pursuant to § 1983. However, in both Estes and Derheim, the attorney’s fees were incurred in administrative proceedings which were entirely unconcerned with § 1983 or the Federal Constitution. In the present case, the attorney’s fees sought were incurred because Dr. Berard was forced to file suit and perfect the present appeal to protect against alleged deprivations of his Constitutional rights. Inherent in the suit were matters involving both § 1983 and the Constitution, which were lacking in both Estes and Derheim. We, therefore, conclude that Dr. Berard’s action was based on § 1983 and was an attempt to protect his Constitutional rights.
II
The next issue is whether Dr. Berard was a “prevailing party” within the meaning of § 1988. As previously mentioned, the case was dismissed with prejudice due to a voluntary settlement between the parties. Dr. Berard, relying on a number of Federal cases, contends that he can be considered as prevailing even though he has vindicated his rights through settlement. Although it is true that a party who has settled his civil rights claims can be considered as prevailing without a trial on the merits, we conclude that Dr. Berard was not a prevailing party for he has not established that his constitutional rights were, in fact, violated, and that he would have been entitled to some of the civil rights relief he sought under § 1983.
In Doe v. Busbee, 684 F.2d 1375 (11th Cir.1982), the United States Court of Appeals for the Eleventh Circuit discussed, at length, the concept of what constitutes a “prevailing party.” After reviewing the jurisprudence in this area the court concluded that,
[I]n order to be a prevailing party, a plaintiff must achieve significant relief to which he was entitled under the civil rights laws through his success on the merits, favorable settlement, or voluntary actions by the defendants. However, consistent with the policy underlying § 1988, the plaintiff must in some way vindicate a civil right at issue in the litigation against the violator of that civil right in order to be considered a “prevailing party.” Doe, 684 F.2d at 1381.
In Oldham v. Ehrlich, 617 F.2d 163 (8th Cir.1980), the court stated that a plaintiff could be considered as prevailing if the offending, but discontinued policy by the defendants would have been declared invalid, and it would be sufficient for the plaintiffs to show that they would have been entitled to the relief sought had their claim not been mooted by the defendant’s actions.
In Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), the U.S. Supreme Court, in discussing the applicability of the attorneys fees act to interlocutory proceedings, stated that "[I]t seems clearly to have been the intent of Congress to permit such an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal.” Hanrahan, 446 U.S. at 757, 100 S.Ct. at 1989. We see no reason to distinguish between such an interlocutory award and an award for fees incurred in filing a suit which is dismissed prior to being heard on the merits.
These cases, amongst others, convince us that in order to recover attorney fees in a case, such as the present, where the claims are settled prior to trial, a plaintiff must establish some entitlement to the civil rights relief sought before he will be considered a prevailing party. To hold otherwise would allow a plaintiff to recover attorney’s fees based on his allegations, without meeting his burden of establishing that he was, in fact, deprived of his civil rights and entitled to relief under § 1983.
Looking to this present case, although Dr. Berard alleges several civil rights violations and deprivations, he has not established any such violations or deprivations for the satisfaction of this court. As such, his claim for attorney fees must be denied.
*844 In addition, other than having his candidacy status restored, Dr. Berard was not successful regarding any of the other relief sought. The written settlement agreement entered into by the parties was not made a part of the record, and Dr. Berard has not shown us any entitlement to the relief which he sought.
As such, Dr. Berard’s claim for attorney’s fees must be denied.
Therefore, for the above reasons, the decision of the trial judge is affirmed at the cost of plaintiff-appellant.
AFFIRMED.