John DILLARD, et al., Plaintiffs,

Dale Eugene Brown, et al.,
Plaintiff-intervenors,

v.

BALDWIN COUNTY COMMISSION,
et al., Defendants.

No. Civ.A. 87–T–1159–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 18, 1999.

James U. Blacksher, Birmingham, AL, Lanie Guinier, Philadelphia, PA, Pamela Karlan, Charlottesville, VA, Julius L. Chambers, NAACP Legal Defense Fund, New York City, Edward Still, Lawyer's Committee for Civil Rights Under Law, Washington, DC, Larry T. Menefee, Montgomery, AL, for plaintiffs.

Algert S. Agricola, Jr., Albert L. Jordan, Wallace, Jordan, Ratliff & Brandt, L.L.C., Montgomery, AL, James U. Blacksher, Birmingham, AL, Elaine R. Jones, Jacqueline A. Berrien, Norman J. Chachkin, NAACP Legal Defense Fund, New York City, for intervenor–plaintiffs.

Claude E. Bankester, Taylor D. Wilkins, Jr., Wilkins, Bankester, Biles & Wayne, Bay Minete, AL, David R. Boyd, Jordan Dorman Walker, Jr., Balch & Bingham, Montgomery, AL, James H. Evans, William H. Pryor, Jr. Office of Atty. General, Montgomery, AL, Stanley E. Graham, Waller, Lansden, Dortch & Davis, Nashville, TN, for defendants.

*MEMORANDUM OPINION*

MYRON H. THOMPSON, District Judge.

Four Baldwin County voters have intervened in this twelve-year-old voting rights lawsuit against the Baldwin County Commission and its members for the purpose of seeking relief from the remedial order and injunction entered in the case more than a decade ago. Currently before the court is a motion filed by the original plaintiffs to dismiss the intervenors' complaint or, alternatively, for summary judgment on the complaint. For the reasons set forth below, the complaint-in-intervention will be dismissed.

## I. BACKGROUND

This case began in 1986 when John Dillard and other African American voters brought suit against the Baldwin County Commission alleging that the at-large system used to elect its members violated § 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1973. The case was one among many *Dillard* suits in this court which challenged the at-large election systems used by dozens of cities, counties and school boards across Alabama. *See Dillard v. Baldwin County Bd. of Educ.*, 686 F.Supp. 1459 (M.D.Ala.1988) (setting forth the history and evolution of the *Dillard* cases).

Faced with the plaintiffs' lawsuit, the Baldwin County Commission conceded liability, and this court ordered relief that brought the commission into full compliance with § 2. *See Dillard v. Baldwin County Comm'n*, 694 F.Supp. 836 (M.D.Ala.1988), *aff'd*, 862 F.2d 878 (11th Cir.1988) (table). That order, with only minor modifications, is still in force today.

In October 1996, four Baldwin County voters moved to intervene as plaintiffs[1] in this case "to challenge certain aspects of the remedial order" entered eight years earlier.[2] Neither the defendants nor the original plaintiffs opposed the motion, but both parties expressly reserved the right to challenge the legal sufficiency of the intervenors' complaint. The court then granted the motion subject to the parties' reservations.

The complaint-in-intervention names as defendants the Baldwin County Commission and each current commissioner (sued in his or her official capacity). It alleges that "[t]he June 1988 injunction of this

---

1. The intervenors sought expressly to intervene as plaintiffs and are properly characterized as such. *See Reeves v. Wilkes*, 791 F.2d 1481, 1484 (11th Cir.1986).

2. Plaintiff-intervenors' motion for post-judgment intervention, filed October 29, 1996, at 1. The Baldwin County Commission has chosen not to challenge the remedial order and opposes any modification.

Court exceeds its authority grant[ ]ed by Congress in the Voting Rights Act, and violates the Tenth and Eleventh Amendments."[3] The plaintiff-intervenors seek relief under 42 U.S.C.A. §§ 1983 (civil rights) and 1988 (attorneys' fees), 28 U.S.C.A. § 2201 (declaratory judgments), and Rule 60 of the Federal Rules of Civil Procedure (relief from judgment or order).

The defendants answer by denying the substance of the complaint and by asserting two defenses: (1) that the intervenors lack standing to challenge the court's 1988 order; and (2) that the complaint fails to state a claim for which relief can be granted. The plaintiffs raise the same defenses in the instant motion to dismiss.[4]

## II. LEGAL STANDARD

■ Like any other complaint, the complaint-in-intervention may be dismissed for want of standing or for failure to state a claim only if it appears "beyond doubt" that the plaintiff-intervenors can prove no set of facts in support of their claims which would entitle them to relief.[5] *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *accord Fuller v. Johannessen*, 76 F.3d 347, 349–50

3. Plaintiff-intervenors' complaint-in-intervention for declaratory and injunctive relief, filed December 2, 1996, at ¶ 24. Although the plaintiff-intervenors do accuse the court of violating the tenth and eleventh amendments by exceeding its authority under the Voting Rights Act, the complaint-in-intervention does not allege any violation of the Voting Rights Act itself. *See infra* Part III.B.4.

4. It does not matter that the plaintiffs, not the defendants, move now to dismiss, because the court may consider dismissal for failure to state a claim or for lack of standing on its own motion. *See generally* 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* §§ 1350, 1357 (2d ed.1990) (and cases cited therein).

5. Every would-be intervenor must file a complaint or an answer setting forth the claim or defense for which intervention is sought. *See* Fed.R.Civ.P. 24(c); Fed.R.Civ.P. 7(a). Such a pleading is subject to the general rules for testing the legal sufficiency of a claim or defense. *See generally*, 7C Charles Alan

(11th Cir.1996) (quoting *Conley* ); *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir.1994). The court must construe the complaint-in-intervention liberally in favor of the intervenors and accept its well-pleaded allegations as true. *See, e.g., Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994) (plurality opinion); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Liberal construction has its limits, though, and the court is under no obligation to re-write the complaint-in-intervention to assume facts not alleged. *See Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir. 1993); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

## III. DISCUSSION

### A. Standing

■ The plaintiff-intervenors in this case appear to have standing under Eleventh Circuit precedent insofar as they claim that the defendants' implementation of the court's remedial order violates their rights.[6] *See Seniors Civil Liberties Ass'n v. Kemp*, 965 F.2d 1030, 1034 n. 6 (11th

Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1914 (2d ed.1986) (and cases cited therein).

6. The Eleventh Circuit has held that a party seeking to intervene need not demonstrate standing if the party meets the requirements for 'intervention of right' pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure. *See Loyd v. Alabama Dep't of Corrections*, 176 F.3d 1336, 1340 (11th Cir.1999); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989). However, the Supreme Court appears to have suggested otherwise. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 117 S.Ct. 1055, 1067, 137 L.Ed.2d 170 (1997) (stating, in dictum, that "[a]n intervenor cannot step into the shoes of the original party unless the intervenor independently fulfills the requirements of Article III."); *Diamond v. Charles*, 476 U.S. 54, 68, 106 S.Ct. 1697, 1706, 90 L.Ed.2d 48 (1986). The court nonetheless analyzes standing here because it has made no determination that the plaintiff-intervenors have met the requirements of Rule 24(a)(1).

Cir.1992); *Atlanta Gas Light Co. v. Dep't of Energy,* 666 F.2d 1359, 1368 n. 16 (11th Cir.1982).[7]

### B. Failure to State a Claim

#### 1. *Section 1983*

■■■■ To state a claim for relief under 42 U.S.C.A. § 1983, the plaintiff-intervenors must allege that a person acting under color of state law deprived them of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States.[8] *See, e.g., American Manufacturers Mutual Ins. Co. v. Sullivan,* 526 U.S. 40, ——, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999). The defendants in this case, the Baldwin County Commission and the Baldwin County commissioners, are state actors. The intervenors allege deprivations of their rights secured by the tenth and eleventh amendments to the United States Constitution, but none of the defendants could possibly deprive them of any such rights. The tenth and eleventh amendments protect against certain exercises of *federal* power; they do not give individuals any rights against the exercise of *state* authority. The eleventh amendment, for example, protects state sovereign immunity in federal courts, *see, e.g., Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267, 117 S.Ct. 2028, 2033, 138 L.Ed.2d 438 (1997), and the tenth amendment merely "confirms that the power of the Federal Government is subject to limits that may, in a given instance, reserve power to the States," *New York v. United States,* 505 U.S. 144, 156–57, 112 S.Ct. 2408, 2418, 120 L.Ed.2d 120 (1992). A county government could not violate either provision.[9]

The plaintiff-intervenors have therefore failed to state a claim against the Baldwin County Commission or its commissioners for which relief can be granted under § 1983 for violations of the tenth and eleventh amendments to the United States Constitution.[10]

7. In each of these cases, the Eleventh Circuit resolved the standing question in favor of the plaintiffs despite considerable doubts about whether private parties can have standing to sue under the tenth amendment.

 Recent Supreme Court cases, however, cast doubt on the plaintiff-intervenors' standing to bring this case not only under the tenth amendment but also under the eleventh amendment and the Voting Rights Act as well. *See, e.g., Raines v. Byrd* 521 U.S. 811, 818–21, 117 S.Ct. 2312, 2317–18, 138 L.Ed.2d 849 (1997); *Arizonans for Official English v. Arizona,* 520 U.S. 43, 64–67, 117 S.Ct. 1055, 1067–68, 137 L.Ed.2d 170 (1997); *United States v. Hays,* 515 U.S. 737, 742–47, 115 S.Ct. 2431, 2435–37, 132 L.Ed.2d 635 (1995). In these cases, the Supreme Court reiterated and applied the rules, articulated in *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 537–76, 112 S.Ct. 2130, 2143–54, 119 L.Ed.2d 351 (1992), against standing based on generalized grievances.

 In light of these cases, it could reasonably be concluded here that the plaintiff-intervenors assert only a generalized grievance and therefore do not have standing to bring their claims. The court nonetheless considers itself bound by these circuit cases until that precedent has been expressly overruled by or is irreconcilable with a subsequent decision of the Supreme Court or the Eleventh Circuit sitting en banc. *See W.T., by Tatum v. Andalusia City Schools,* 977 F.Supp. 1437, 1443 (M.D.Ala.1997) (Thompson, C.J.).

8. Section 1983 provides in relevant part:

 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

9. To the extent that the plaintiff-intervenors may contend that the court violated their rights under § 1983, this court is neither a 'person acting under color of state law' for purposes of § 1983 nor a defendant in this case.

10. This conclusion is limited to the plaintiff-intervenors' claims under § 1983 for violations of the tenth and eleventh amendments. The plaintiff-interveners have not asserted an equal-protection or due-process claim under the fourteenth amendment. *See infra* note 13.

### 2. *Rule 60*

The plaintiff-intervenors also purport to seek relief under Rule 60 of the Federal Rules of Civil Procedure, which provides in part as follows:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

This rule "merely prescribes the practice in proceedings to obtain relief" and does not provide a substantive cause of action. Fed.R.Civ.P. 60 advisory committee's note. It therefore cannot provide a basis upon which the court might sustain the complaint-in-intervention. Furthermore, as its text makes clear, Rule 60 operates by motion only. The plaintiff-intervenors have not, however, filed any motions pursuant to Rule 60, nor would such a motion satisfy the requirement in Rule 24 that every would-be intervenor file "a *pleading* setting forth the claim or defense for which intervention is sought." Fed.R.Civ.P. 24(c) (emphasis added); *see also* Fed.

R.Civ.P. 7(a) (motions are not pleadings). The plaintiff-intervenors have therefore failed to state a 'claim' under Rule 60 sufficient to withstand dismissal.

### 3. *Attorney's Fees and Declaratory Judgment*

The plaintiff-intervenors also ask for an award of attorney's fees and a declaratory judgment under 42 U.S.C.A. § 1988 (attorney's fees) and 28 U.S.C.A. § 2201 (declaratory judgments). These provisions are strictly procedural in nature, do not create independent causes of action for which the court might grant relief, and therefore cannot save the complaint-in-intervention from dismissal. *See, e.g., Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 701 n. 66, 98 S.Ct. 2018, 2041 n. 66, 56 L.Ed.2d 611 (1978); *Moor v. County of Alameda,* 411 U.S. 693, 710, 93 S.Ct. 1785, 1796, 36 L.Ed.2d 596 (1973); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950); *Borden v. Katzman,* 881 F.2d 1035, 1037 (11th Cir.1989); *Estes v. Tuscaloosa County,* 696 F.2d 898, 901 (11th Cir. 1983) (per curiam); *Vecchia v. Town of North Hempstead,* 927 F.Supp. 579, 580 (E.D.N.Y.1996); *Derheim v. Hennepin County Bureau of Soc. Servs.,* 524 F.Supp. 1321, 1325 (D.Minn.1981), *aff'd* 688 F.2d 66 (8th Cir.1982); *Stamicarbon, N.V. v. Chemical Construction Corp.,* 355 F.Supp. 228, 232–33 (D.Del.1973).

### 4. *Other Possible Claims*

Although the plaintiff-intervenors expressly seek relief under only the provisions discussed above, the liberal pleading standards contained in the Federal Rules of Civil Procedure impose a further duty upon the court to determine whether the complaint-in-intervention states a claim for relief on other cognizable theories. *See* Fed.R.Civ.P. 8(a)(2); *Hishon v. King & Spalding,* 467 U.S. 69, 78–79, 104 S.Ct. 2229, 2235, 81 L.Ed.2d 59 (1984) (concluding that petitioner's complaint stated a cognizable claim under Title VII); 5A

Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 337 (2d ed.1990). This liberal standard is meant to protect plaintiffs with "inartfully stated" but otherwise valid claims. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. Nov.1981).[11]

■ There are no valid claims here. To make a valid claim under § 2 of the Voting Rights Act, for example, the plaintiff-intervenors would have to allege, at a minimum, that the court's remedial order results in vote-discrimination against them on account of race, color, or membership in a language minority. *See* 42 U.S.C.A. § 1973(a). But the complaint-in-intervention contains no allegation of racial discrimination of any kind.[12]

■ For the same reason, the plaintiff-intervenors also fail to state a claim for which the court might grant relief under the equal protection clause of the fourteenth amendment to the United States Constitution, as enforced by 42 U.S.C.A. § 1983. Such a claim here would require, at a minimum, an allegation of purposeful discrimination on the basis of race or gender. *See generally Washington v. Davis,*

426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). The complaint-in-intervention says nothing about discrimination—much less *purposeful* discrimination—against the plaintiff-intervenors by anyone on any basis whatsoever.[13]

■ Finally, the complaint-in-intervention fails to state a claim in equity for relief from judgment. The elements of such an action are:

"(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law."

*Bankers Mortgage Co. v. United States,* 423 F.2d 73, 79 (5th Cir.) (quoting *National Surety Co. v. State Bank,* 120 F. 593, 599 (8th Cir.1903)), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970). The plaintiff-intervenors do not allege any defense to the cause of action upon which

---

11. In *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

12. *See infra* note 13.

13. During a telephone conference held June 25, 1997, the plaintiff-intervenors responded affirmatively when asked whether they were asserting a claim of intentional race discrimination under the fourteenth amendment. They did not, however, assert this claim in their brief, filed on January 2, 1997, in response to the instant motion to dismiss, and the court's detailed review finds no such claim on the face of the complaint-in-intervention which makes no reference to the fourteenth amendment or to racial discrimination of any kind. Without an amendment including allegations of intentional racial discrimination in the complaint itself, the court may not consider the claim on a motion to dismiss. *See, e.g., Henthorn v. Dep't of Navy,* 29 F.3d

682, 688 (D.C.Cir.1994) (holding that a court may not consider allegations contained in briefs and legal memoranda on a motion to dismiss); *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984) ("Consideration of matters beyond the complaint is improper in the context of a motion to dismiss...."); *Kohler v. Jacobs,* 138 F.2d 440 (5th Cir.1943) ("[A] motion to dismiss for failure to state a claim on which relief may be granted is to be heard on the face of the complaint and amendments."). And, without further elaboration of the claim, the court cannot determine whether the claim, if asserted, would be cognizable.

Nevertheless, the court notes that the intervenors can still assert, and the court will entertain, such a claim with a timely and properly filed request for reconsideration of the final judgment entered today to allow an amendment to the complaint. *See Bank v. Pitt,* 928 F.2d 1108 (11th Cir.1991) (per curiam). If no such request is made, the court will assume that the intervenors do not desire to assert such a claim. *Id.*

the remedial order is founded nor any fraud, accident or mistake.

No other possible claims suggest themselves on the basis of the complaint-in-intervention or the parties' briefs.

## IV. CONCLUSION

The plaintiff-intervenors thus fail to state a claim for which relief can be granted, and the court must dismiss their complaint.

An appropriate judgment will be entered.