**Lorraine BLOW, individually and on behalf of her infant child, Christopher Seymour, Plaintiff-Appellant,**

v.

**John L. LASCARIS, in his capacity as Commissioner of the Onondaga County Department of Social Services, Defendant-Appellee.**

No. 638, Docket 81–7666.

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 1982.

Decided Jan. 11, 1982.

Frank A. Clark, Baker & Clark, Syracuse, N. Y., for plaintiff-appellant.

Ira S. Dubnoff, Asst. Welfare Atty., Syracuse, N. Y. (James H. Hughes, Chief Welfare Atty., Onondaga County Dept. of Social Services, Syracuse, N.Y., of counsel), for defendant-appellee.

Robert Abrams, Atty. Gen., William J. Kogan, Asst. Sol. Gen., Alan W. Rubenstein, Asst. Atty. Gen., State of New York, Albany, N. Y., of counsel, for amicus curiae State of New York.

Before MOORE, KAUFMAN and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment entered upon Judge Neal P. McCurn's order dismissing Lorraine Blow's complaint requesting attorney's fees pursuant to 42

U.S.C. § 1988 for failure to state a claim upon which relief may be granted. Since we agree that no valid cause of action exists pursuant to 42 U.S.C. § 1988 (Supp. 1981) for an award of attorney's fees to prevailing parties in a state administrative proceeding where recourse to federal court on the merits of the claim is not necessary or available, we affirm essentially for the reasons stated in Judge McCurn's thorough opinion. Because of the novel nature of Ms. Blow's claim, however, we believe it useful to emphasize a few points.

Ms. Blow prevailed upon her claim for a grant of medical assistance to cover the expenses of her son's emergency appendectomy in the state administrative proceedings. Therefore, she had no need to institute a federal court action on the merits. Accordingly, she asked the district court to address only the question of the award of attorney's fees pursuant to § 1988 which provides in pertinent part that "In any action or proceeding to enforce a provision of sections 1981, 1983, 1985 and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The language of this provision appears, on its face, however, to refer only to a proceeding or action in a court, not to a state administrative proceeding. Furthermore, the legislative history of § 1988 contains no discussion of state administrative proceedings but rather notes that the attorney's fee award contemplated by the provision is to give "citizens . . . the opportunity to recover what it cost them to vindicate their right in court." S.Rep.No. 1011, 94th Cong., 2d Sess. 2 (1976), *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5910. We believe, as did Judge McCurn, that the teachings of the Supreme Court in *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 270–1, 95 S.Ct. 1612, 1628, 44 L.Ed.2d 141 (1975) dictate that we do not invade the province of the legislature by according a broader sweep to § 1988 than Congress intended.

Accordingly, we affirm the judgment of the district court.