J. C. REDD, et al., Plaintiffs-Appellants,

v.

A. C. LAMBERT, et al.,
Defendants-Appellees.

No. 81–4405.

United States Court of Appeals,
Fifth Circuit.

May 3, 1982.

James L. Robertson, Oxford, Miss., John L. Maxey, II, Jackson, Miss., for plaintiffs-appellants.

Stephen J. Kirchmayr, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before CLARK, Chief Judge, GEE and GARWOOD, Circuit Judges.

CLARK, Chief Judge:

Plaintiffs appeal the district court's dismissal of their request for attorney's fees for lack of jurisdiction. We affirm although for reasons different from those relied on by the district court.

## I.

Plaintiffs initially brought suit in state Chancery Court to enjoin the Mississippi State Tax Commission from approving the assessment rolls of any county until it equalized the assessment rolls among the counties. They claimed that the State Tax Commission's practices violated state laws governing the collection of taxes, the uniformity and equality clause of the Mississippi Constitution, and the equal protection clause of the federal Constitution. Plaintiffs raised their federal constitutional claim pursuant to 42 U.S.C. § 1983. The Chancery Court found a violation of both state and federal law and awarded attorney's fees pursuant to 42 U.S.C. § 1988.

Because the Mississippi Supreme Court affirmed the Chancery Court's decision solely on the state grounds, *see State Tax Commission v. Fondren*, 387 So.2d 712 (Miss. 1980), it did not reach the federal constitutional claims asserted by the plaintiffs. The court, however, disallowed the attorney's fees which the Chancery Court had awarded. The state supreme court reasoned that state court jurisdiction over section 1983 claims is concurrent with that of the federal courts. Because the federal Tax Injunction Act, 28 U.S.C. § 1341,[1] would have precluded a federal court from hearing the plaintiff's section 1983 claim, the court determined that Mississippi state courts also lacked jurisdiction to hear the plaintiffs' section 1983 cause of action. Since the plaintiffs' right to attorney's fees under section 1988 depended on the presence of a valid section 1983 claim, the Mississippi Supreme Court disallowed the Chancery Court's award. The United States Supreme Court subsequently denied certiorari. 450 U.S. 1040, 101 S.Ct. 1757, 68 L.Ed.2d 237 (1981).

The plaintiffs then filed suit in federal district court seeking attorney's fees for the successful prosecution of their claims in

---

1. The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

state court. The plaintiffs also sought to relitigate in federal district court the question which the Mississippi Supreme Court decided adversely to them—i.e., whether the Mississippi courts have jurisdiction over a section 1983 claim to enjoin a state tax. The plaintiffs, however, did not seek any further injunctive relief.

The district court rejected plaintiffs' claims. Because it reasoned that "[o]nly the United States Supreme Court had the power to overrule the state court's action," it declined to address the merits of the state supreme court's decision. The district court also rejected the plaintiffs' claim that the Mississippi Supreme Court's decision removed the federal court bar posed by section 1341. The plaintiffs had argued that Mississippi's refusal to hear their section 1983 claim meant that they now had no "plain, speedy, and efficient" remedy in Mississippi state court. The district court determined, however, that Mississippi procedure still allowed a litigant to raise both state and federal claims; and that the state supreme court's decision merely prohibited the use of section 1983 as a vehicle for raising federal claims in state court. Although the procedure adopted by Mississippi precludes a plaintiff from collecting attorney's fees, the district court found that the inability to collect attorney's fees did not prevent the remedy provided by the Mississippi state courts from being plain, speedy, and efficient within the meaning of section 1341.

Finally, the district court determined that it lacked jurisdiction to hear the plaintiffs' request for attorney's fees and alternatively that section 1988 did not provide an independent cause of action.

## II.

█ It is unclear whether the plaintiffs appeal the district court's ruling that only the United States Supreme Court had the power to overrule the Mississippi Supreme Court's decision. On the one hand, they say, "Taxpayers state here, unequivocally, without reservation—'We accept the decision of the Supreme Court of Mississippi!

We accept it! We accept it!'" This emphatic acceptance is soon followed, however, by an argument that review by certiorari does not provide adequate federal review of federal claims denied by state courts. The plaintiffs cite *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), for the proposition that the lower federal courts may provide collateral review of federal claims raised in state court. The point of the plaintiffs' argument is presumably that we may decide whether the Mississippi Supreme Court correctly determined the merits of their federal claims. However, *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 418 n.17, 66 L.Ed.2d 308 (1980), expressly limits *England's* application to situations where the federal court's jurisdiction was initially invoked and properly preserved before initiating a second proceeding in state court. *England* is thus inapposite to the plaintiffs' case. To the extent the plaintiffs do seek to relitigate the validity of the Mississippi Supreme Court's decision, they are barred by the doctrine of res judicata. *See* 28 U.S.C. § 1738 (1976); *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 515 n.19, 101 S.Ct. 1221, 1230 n.19, 69 L.Ed.2d 464 (1981); *Mr. Boston Distiller Corp. v. Pallot*, 469 F.2d 337 (5th Cir. 1972) (per curiam), *cert. denied*, 411 U.S. 967, 93 S.Ct. 2150, 36 L.Ed.2d 688 (1973). We are thus foreclosed from reconsidering either the state court's application of section 1341 or its denial of attorney's fees.

Plaintiffs also contend that because the Mississippi Supreme Court held that state courts lack jurisdiction to hear a section 1983 claim to enjoin a state tax, they are entitled to bring an original action in federal district court. They argue that the state court's dismissal for lack of jurisdiction removes any res judicata bar to their federal claim. They also contend that the bar posed by section 1341 is removed by the state court's refusal to hear their section 1983 claim. They reassert on appeal that the result of the state supreme court's decision is that they now have no plain, speedy, and efficient remedy in state court. To

support their claim that they are entitled to proceed originally in federal court, they argue that if section 1341 bars them from raising any claims in federal court and if Mississippi does not allow them to raise federal claims in state court, they have no forum in which to air their federal claims.

■ Although the plaintiffs' argument raises novel issues of federal law, the present posture of this case precludes us from addressing the merits of their claim. The plaintiffs would have us determine whether section 1341 bars them from bringing an original action in federal district court to enjoin a state tax. The difficulty with the plaintiffs' request, however, is that the plaintiffs are not presently seeking any injunctive relief from any state tax. The plaintiffs concede in their brief that any federal constitutional defect in Mississippi's assessment scheme has been cured by the judgment in state court. Indeed, the only relief that the plaintiffs have sought in federal court is an award of attorney's fees. A request for attorney's fees, however, raises issues which are collateral to the main cause of action. *See White v. New Hampshire Department of Employment Security,* —— U.S. ——, 102 S.Ct. 1162, 1165, 71 L.Ed.2d 325 (1982). It does not implicate the validity of the underlying judgment, "but merely seeks what is due because of the judgment." *Id.* (quoting *Knighton v. Watkins,* 616 F.2d 795, 797 (5th Cir. 1980)). Because the plaintiffs are not presently seeking injunctive relief and because their request for attorney's fees does not question the validity of Mississippi's tax assessment scheme, neither section 1341 nor the doctrine of comity raises a bar to their proceeding in federal court. *Cf. Fair Assessment in Real Estate Association v. McNary,* —— U.S. ——, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). The present posture of the case simply does not present this court with a live controversy as to the effect of section 1341. The state court judgment rendered this issue moot. *See Murphy v. Hunt,* —— U.S. ——, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982); *ITT Rayonier, Inc. v. United States,* 651 F.2d 343 (5th Cir. 1981).

The plaintiffs finally claim that they have a right to seek attorney's fees in federal court for their successful prosecution of the state court action. The district court, however, dismissed the plaintiffs' claim for two reasons. First, it determined that because section 1988 does not create a cause of action for deprivation of constitutional rights, there was no jurisdiction under 42 U.S.C. § 1343(3). Second, it determined that because section 1988 is procedural rather than substantive, it does not provide plaintiffs with an independent cause of action.

■ With respect to the jurisdictional issue, the plaintiffs not only alleged that jurisdiction arose under section 1343(3) but also under 28 U.S.C. § 1331. The district court correctly determined that section 1343(3) only provides jurisdiction over claims that state officials have violated a constitutional right or a federal statute providing for equal rights. *See Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). Section 1331, however, provides for jurisdiction of civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331. Because plaintiffs have alleged a nonfrivolous claim that they are entitled to attorney's fees under section 1988, the district court had jurisdiction to consider their claim. *See Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). The fact that section 1988 may not provide an independent cause of action did not divest the district court of jurisdiction to decide the issue. *See id.* at 682, 66 S.Ct. at 776 ("failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction").

Whether section 1988 does provide an independent cause of action is a closer question. In *White v. New Hampshire Department of Employment Security,* —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Court noted that "a claimed entitlement to attorney's fees is sufficiently independent of the merits action under Title VII to support a federal suit 'solely to obtain an award of attorney's fees for legal

work done in state and local proceedings' ". *Id.* at —— n.13, 102 S.Ct. at 1166 n.13 (explaining *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). *New York Gaslight* in turn stated that a claim for attorney's fees in a Title VII suit was properly asserted through section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f), which authorizes a civil suit under Title VII in federal court. *See* 100 S.Ct. at 2032. We need not decide, however, whether section 1988 itself creates an independent cause of action in federal court or, if it does not, whether section 1988 can be asserted through section 1983.

■ Even if we assume that the plaintiffs' claim for attorney's fees was properly before the district court, the plaintiffs are still not entitled to an award of attorney's fees under section 1988. Section 1988 provides that "[i]n any action or proceeding to enforce a provision of section[ ] 1983 ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Mississippi Supreme Court held, however, that Mississippi courts do not have jurisdiction to hear a section 1983 action to enjoin a state tax. Because there was no state proceeding to enforce a provision of section 1983 in which the plaintiffs could have prevailed, section 1988 does not authorize any award of attorney's fees.

Plaintiffs contend that *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), leads to a different result. We disagree. The issue in *New York Gaslight* was whether Title VII's provision awarding attorney's fees to the prevailing party in "an action or proceeding under this title" included state proceedings to resolve Title VII claims. *See id.* 100 S.Ct. at 2029. The Court found that such proceedings were included because state proceedings form an integral part of the scheme Congress created to enforce Title VII. As the Court noted, "Title VII establishes a comprehensive scheme in which state agencies are given 'a limited opportunity to resolve problems of employment dis-

crimination and thereby to make unnecessary resort to federal relief for victims of discrimination.'" *Id.* 100 S.Ct. at 2031 (quoting *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979)). The Court reasoned that if a litigant does not receive satisfactory relief in state court, he is entitled to seek supplemental relief in federal court. *See id.* 100 S.Ct. at 2033. Since attorney's fees are "[o]ne aspect of complete relief" under Title VII, a litigant who is denied attorney's fees can supplement his state remedies in federal court. *See id.*

■ Section 1341, however, creates alternative rather than supplemental remedies. The Tax Injunction Act was passed because "Congress ... recognized that the autonomy and fiscal stability of the States survives best when state tax payments are not subject to scrutiny in federal courts." *See Fair Assessment in Real Estate Association v. McNary,* —— U.S. ——, 102 S.Ct. 177, 179, 70 L.Ed.2d 271 (1981). Congress intended to remit a plaintiff completely to his state court remedies so long as they are plain, speedy, and efficient. There is no indication that Congress intended that the lower federal courts would provide supplemental relief whenever a litigant does not receive all the relief he seeks in state court. Indeed, *Rosewell, supra* 101 S.Ct. at 1230 n.19, indicates that under the scheme created by Congress in section 1341, the United States Supreme Court provides final review of any federal claims raised during the course of the state proceedings. *Accord American Commuters Association v. Levitt,* 405 F.2d 1148, 1151 (2d Cir. 1969).

The plaintiffs also rely on *Bartholomew v. Watson,* 665 F.2d 910 (9th Cir. 1982). In *Bartholomew,* the plaintiffs brought a section 1983 action in federal district court questioning the constitutionality of state prison procedures. The district court stayed proceedings pending a decision by the state court as to whether the challenged procedures complied with state rules. The state court found that they did, and the district court then found the procedures unconstitutional. The district court award-

ed attorney's fees for the work done in state and federal court. The court of appeals upheld the award because the "initial determination of potentially conclusive state law issues was an integral part of the section 1983 claims and as such was a necessary preliminary to the enforcement of a provision of 42 U.S.C. § 1983." *Id.* at 913.

While the state proceedings in *Bartholomew* were a "necessary preliminary" to the enforcement of section 1983 in federal district court, the state proceeding in this case served an entirely different function. Congress chose in section 1341 to remit a plaintiff completely to his state remedies so long as they are plain, speedy and efficient. Congress did not intend for the state proceedings to be a necessary preliminary to further federal relief. Instead, it intended state proceedings to be a plaintiff's primary route with final review of any federal claims in the Supreme Court. *See Rosewell v. LaSalle National Bank*, 450 U.S. 503, 515 n.19, 101 S.Ct. 1221, 1230 n.19, 67 L.Ed.2d 464 (1981). Where the state proceedings do not form an integral part of the federal remedy, but were intended to be a separate route, it would be inappropriate for the federal court to award attorney's fees for work done in the state proceedings.

AFFIRMED.