**LATINO PROJECT, INC., Appellant,**

v.

**CITY OF CAMDEN, Melvin Primas, and William Hanowsky, Appellees.**

**No. 82–5265.**

United States Court of Appeals, Third Circuit.

Argued Jan. 25, 1983.

Decided March 3, 1983.

Gilbert F. Casellas (argued), Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellant.

N. Thomas Foster, City Atty., Michael J. Di Cola (argued), First Asst. City Atty., Camden, N.J., for appellees.

Before SEITZ, Chief Judge, ADAMS and GARTH, Circuit Judges.

**OPINION OF THE COURT**

SEITZ, Chief Judge.

Latino Project, Inc. appeals a judgment of the district court dismissing its complaint requesting attorneys' fees under 42 U.S.C. § 1988. This court has jurisdiction under 28 U.S.C. § 1291 (1976).

I.

Appellant Latino Project is a private, non-profit corporation that provides legal services in the public interest through legal representation and litigation, counseling, and assistance to Hispanic and other individuals, groups and organizations. Appel-

lees are the City of Camden, New Jersey; Melvin Primas, the Mayor of the City of Camden; and William Hanowsky, the Director of the City's Department of Community Development.

In 1980, Latino Project was retained by the Delaware Valley Hispanic Chamber of Commerce (DVHCC) and Puerto Rican Unity for Progress (PRUP) in connection with their claims that the City of Camden discriminated against Hispanics in the allocation and distribution of Community Development Block Grant (CDBG) funds. In February of that year, DVHCC had submitted funding proposals of $174,599 and $81,881 to the City of Camden's Department of Community Development. PRUP had submitted a funding proposal of $200,019 at approximately the same time. The Department rejected the proposals of both groups by letter of April 7, 1980.

On May 29, 1980 Latino Project submitted an administrative complaint on behalf of DVHCC and PRUP to the Newark area office of the Department of Housing and Urban Development (HUD). The complaint alleged that appellees' failure to distribute CDBG funds to DVHCC and PRUP constituted discrimination in violation of Title VI of the Civil Rights Act, as well as other specific program and statutory provisions. By letter of August 19, 1980 the supervisor of HUD's Newark area office advised DVHCC and PRUP of his finding that appellees had not discriminated against Hispanics in administering the CDBG program.

On December 11, 1980 the City of Camden approved a revised funding proposal of DVHCC in the amount of $136,000, for reasons about which the parties are in dispute. Based on this award, Latino Project filed a complaint in the district court seeking attorney's fees under 42 U.S.C. § 1988 as compensation for its efforts on behalf of DVHCC and PRUP.[1] The district court granted appellees' motion to dismiss the complaint. The court held *inter alia* that "a party who never filed suit at all may [not] obtain a fee award under section 1988." *Latino Project, Inc. v. City of Camden*, 534 F.Supp. 390, 393 (D.N.J.1982). The court further held that "even if a party may obtain a fee award for administrative proceedings where the party never filed suit, Latino Project's work on behalf of DVHCC and PRUP did not rise even to the level of an administrative proceeding." *Id.* at 394. This appeal followed.

## II.

This appeal concerns the proper interpretation of the words "civil action or proceeding" as used in 42 U.S.C. § 1988. The relevant portion of section 1988 provides:

In any civil action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985 and 1986 of Public Law 92–318, or Title IX of the Civil Rights Act of 1964, or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. The district court interpreted the words "civil action or proceeding" as designating only a civil lawsuit. Therefore, because Latino Project never filed a civil complaint asserting DVHCC's and PRUP's civil rights claims, the district court denied its request for attorney's fees under section 1988. Latino Project contends that in addition to civil lawsuits, section 1988 authorizes an award of attorney's fees to plaintiffs, such as DVHCC and PRUP, who substantially prevail in administrative proceedings without filing a civil complaint on the merits.

We begin our analysis of section 1988 by noting the ambiguity of the words "civil action or proceeding". On the one hand, these words might authorize a court to award attorney's fees only to plaintiffs who

---

1. Latino Project subsequently offered to amend its complaint for attorney's fees to substitute DVHCC and PRUP as plaintiffs. The district court held that, because of its dismissal of the complaint on other grounds, no purpose would be served by an amendment. In light of our disposition of this appeal, we need not address the issue whether an attorney may seek fees under section 1988 on his own behalf.

prevail in a lawsuit. The term "civil action" is normally understood as meaning a civil lawsuit; the term "proceeding" might be read as merely an elaboration on this meaning. We note that several courts have adopted this interpretation. *See Derheim v. Hennepin County Bureau of Social Services,* 524 F.Supp. 1321 (D.Minn.1981), *aff'd on other grounds,* 688 F.2d 66 (8th Cir. 1982); *Blow v. Lascaris,* 523 F.Supp. 913 (N.D.N.Y.1981), *aff'd,* 668 F.2d 670 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 225, 74 L.Ed.2d 179 (1982).

On the other hand, the word "proceeding" is potentially broad enough to encompass activity other than a lawsuit, such as administrative or legislative proceedings. Its use in the disjunctive with "civil action" in section 1988 therefore might indicate that Congress intended to authorize an award of attorney's fees to parties who substantially prevail in an administrative proceeding as well as a lawsuit. Appellant has pointed to no case that adopts this interpretation of section 1988, and our research has discovered none.

Despite the literal ambiguity of the words "civil action or proceeding", the statutory context of those words indicates that Congress intended section 1988 to authorize an award of attorney's fees only to a party who substantially prevails on a civil rights claim in a lawsuit. Specifically, section 1988 provides that "in any civil action or proceeding ... the *court* ... may allow reasonable attorney's fees." (emphasis added). Congress' use of the term "court" within the same sentence that contains the words "civil action or proceeding" leads us to believe that Congress had in mind only a lawsuit when it used those words.

The legislative history of section 1988 also suggests that Congress intended the words "civil action or proceeding" to designate only a lawsuit. In the Senate Report accompanying a 1976 amendment to section 1988, which added the provision for attorney's fees, Congress expressed an intention "to allow *courts* to award fees in *suits* brought to enforce civil rights." S.Rep. No. 94–1011, 94th Cong., 2d Sess. 2 (1976), *re-*printed in [1976] U.S.Code Cong. & Ad. News 5908, at 5911 (emphasis added). Moreover, in describing the purpose underlying section 1988, the Senate Report explains that "[i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights *in court.*" *Id.* at 5910 (emphasis added).

Latino Project argues that, despite the statutory context and legislative history of section 1988, we must interpret "civil action or proceeding" to include administrative proceedings because of the Supreme Court's recent decision in *New York Gaslight Club Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). In *New York Gaslight,* the Supreme Court interpreted the words "action or proceeding" as used in the attorney's fees provision of Title VII of the Civil Rights Act of 1964 to include state administrative proceedings. *Id.* at 60–66, 100 S.Ct. at 2029–2032.

As support for this conclusion, the Court in *New York Gaslight* relied heavily on requirements under Title VII and EEOC regulations which mandate an initial resort to agencies authorized by state and local governments to grant relief, before recourse to federal forums is proper. 447 U.S. at 62–63, 100 S.Ct. at 2030. The Court reasoned that if Congress included administrative proceedings as a necessary element of the Title VII enforcement scheme, it must also have intended the attorney's fees provision of Title VII to authorize an award of fees to plaintiffs who do not need to file a civil complaint on the merits of their Title VII claim because they have substantially prevailed in an administrative proceeding.

The attorney's fees provision of 42 U.S.C. § 1988 is materially different from its Title VII counterpart, however, in the following respect. Unlike Title VII, it is settled that there is no statutory requirement or congressional policy mandating exhaustion of administrative remedies with regard to at least three of the predicate civil rights statutes included in section 1988. *See Patsy v.*

*Florida,* —— U.S. ——, ——, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982) (no requirement that plaintiffs must exhaust state administrative remedies before bringing section 1983 suit in federal court); *Cannon v. University of Chicago,* 441 U.S. 677, 707–08 n. 41, 99 S.Ct. 1946, 1963, 60 L.Ed.2d 560 (1978) (no requirement that plaintiffs must exhaust administrative remedies before bringing Title IX suit in federal court); *Chowdhury v. Reading Hospital & Medical Center,* 677 F.2d 317, 319, 322 (3d. Cir.1982) (no requirement that plaintiff must exhaust federal or state administrative remedies before bringing Title VI suit in federal court). Therefore, we cannot as easily conclude, as the Supreme Court did in *New York Gaslight* with regard to Title VII, that Congress must have viewed an award of attorney's fees to a plaintiff who substantially prevails on a civil rights claim in an administrative proceeding, but does not file a civil complaint on the merits, as an essential component of section 1988 relief.

Finally, we realize that our recent decision in *NAACP v. Wilmington Medical Center, Inc.,* 689 F.2d 1161 (3d Cir.1982), might be read as interpreting the words "civil action or proceeding" in section 1988 to include administrative proceedings. The plaintiff in *Wilmington Medical Center* filed a civil action alleging a violation of Title VI, and substantially prevailed on the merits of this claim in an administrative proceeding. The Court held that the plaintiff could recover attorney's fees under section 1988, quoting as support language in *New York Gaslight* interpreting the words "action or proceeding" in Title VII as including administrative proceedings. 689 F.2d at 1170.

We are not persuaded that the panel in *Wilmington Medical Center* intended to say that section 1988 authorizes an award of attorney's fees to a party who substantially prevails on a civil rights claim in an administrative proceeding, but does not file a civil complaint on the merits.

The panel in *Wilmington Medical Center* was not confronted with a claim for attorney's fees by such a party, nor can we find any indication that the panel had such a party in mind when it quoted *New York Gaslight.* If anything, the panel seemed to indicate that a party who does not file a civil complaint on the merits cannot recover attorney's fees under section 1988. For example, the panel said that in order to recover attorney's fees under section 1988, a plaintiff must substantially prevail under circumstances "causally linked to the prosecution of a *complaint."* 689 F.2d at 1171. (emphasis added).

The panel's citation to *Sullivan v. Pennsylvania Department of Labor and Industry,* 663 F.2d 443 (3d Cir.), *cert. denied,* 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982), adds further support to this impression. In *Sullivan,* this court upheld an award of attorney's fees to a party who filed a complaint on the merits of a Title VII claim, but obtained substantial relief in an administrative proceeding. The court reasoned that the plaintiff was entitled to attorney's fees not because he had substantially prevailed in an administrative proceeding, but because he was deemed to have prevailed in his lawsuit due to its impact on the administrative proceeding. 633 F.2d at 451. This rationale also provides a sufficient basis for the mandate in *Wilmington Medical Center.* Analyzed under the rationale of *Sullivan,* the plaintiff in *Wilmington Medical Center* was entitled to attorney's fees under section 1988 not because he prevailed on his Title VI claim in an administrative proceeding, but because he was deemed to have prevailed in his lawsuit due to its impact on the administrative proceeding.

We conclude that a plaintiff who has not filed a civil complaint on the merits of a claim under one of the civil rights statutes enumerated in 42 U.S.C. § 1988 is not entitled to attorney's fees under section 1988, even though he may have obtained substantial relief in an administrative proceeding.[2] Since Latino Project did not file

---

**2.** We note that our interpretation of the words "civil action or proceeding" as used in section

1988 is consistent with the Supreme Court's holding in *Moor v. County of Alameda,* 411

a civil action with respect to the Title VI claims of its clients, the district court properly dismissed its complaint for attorney's fees. Our disposition renders it unnecessary to reach other defenses asserted by appellees, that the legal representation of Latino Project was not a material factor in the City of Camden's December 11, 1980 approval of DVHCC's funding proposal, or that the exchange of letters between Latino Project and HUD did not constitute administrative proceedings.

The judgment of the district court will be affirmed.

U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). In *Moor*, the Court said "[s]ection 1988 does not enjoy the independent stature of an 'Act of Congress providing for the protection of civil rights,' 28 U.S.C. § 1343(4). Rather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights." *Id.* at 702, 93 S.Ct. at 1792.