**Leonard WEBB, Plaintiff-Appellant Cross-Appellee,**

v.

**COUNTY BOARD OF EDUCATION OF DYER COUNTY, TENNESSEE; et al., Defendants-Appellees Cross-Appellants.**

Nos. 82–5154, 82–5158.

United States Court of Appeals, Sixth Circuit.

Argued May 17, 1983.

Decided Aug. 29, 1983.

Rehearing and Rehearing En Banc Denied Nov. 16, 1983.

Avon N. Williams, Jr., Nashville, Tenn., Bill Lann Lee (lead counsel), Jack Greenberg, Deborah Fins (argued), New York City, for plaintiff-appellant, cross-appellee.

Thomas R. Prewitt, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Russell Headrick (argued), Olen C. Batchelor, Holt, Batchelor, Spicer & Ryan, Memphis,

Tenn., Melvin T. Weakley, Dyersburg, Tenn., for defendants-appellees, cross-appellants.

Before CONTIE and KRUPANSKY, Circuit Judges, and GUY, District Judge.[*]

CONTIE, Circuit Judge.

The primary issue on this appeal is whether 42 U.S.C. § 1988 allows an award of attorney's fees in 42 U.S.C. § 1981 litigation for services rendered in optional state administrative proceedings. We hold that it does not.

I.

Leonard Webb, the plaintiff, was a tenured black teacher in the Dyer County schools. The Board suspended him in March, 1974 pending the investigation of unspecified charges. It terminated the plaintiff two weeks later on grounds of unprofessional conduct and insubordination which had been brought to its attention by parents and school administrators. The Board did not, however, provide Webb with written charges and a hearing before taking this action.

The plaintiff subsequently demanded and received a hearing at which he attempted to show that the discharge was unjustified. Nearly four years later, the Board issued a final decision which upheld the discharge. Webb then filed suit under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988 and 2000d, alleging that he had been terminated on account of his race.

The parties eventually settled the case. Pursuant to his § 1981 claim, Webb received $15,400 in damages and a decree ordering the Board both to treat the plaintiff as having resigned and to place no disparaging remarks on his professional record. The matter of attorney's fees was reserved.

When the parties were unable to agree on this issue, the court awarded over $9,700 in

[*] The Honorable Ralph B. Guy, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation.

fees for services rendered by plaintiff's counsel before the district court but denied attorney's fees for efforts devoted to the state administrative hearing. The court held that § 1988 authorizes attorney's fees for work performed in administrative proceedings only where those proceedings are a prerequisite to filing suit in federal court. Since Webb was not required to exhaust state administrative remedies before filing a § 1981 claim, his attorney was not entitled to fees. The plaintiff appeals the partial denial of fees. The defendants cross-appeal the partial award of fees on the alternative grounds that Webb has not fully prevailed and that the amount awarded per hour was excessive.

## II.

■ In interpreting § 1988, this court is "to use the broadest and most effective remedies available to achieve the goals of our civil rights laws." S.Rep. No. 94–1011, 94th Cong., 2d Sess. 3 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5910. Nevertheless, we are mindful that only Congress has the prerogative to establish exceptions to the general rule that prevailing litigants must bear their own attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Hence, in construing the attorney's fees statute liberally, this court may not go further than Congress intended. To discover that intent, we look primarily to the statute itself and to the legislative history. *Northcross v. Board of Education,* 611 F.2d 624, 632 (6th Cir.1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).

In pertinent part, 42 U.S.C. § 1988 provides:

In any action or proceeding to enforce a provision of §§ 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318 or title VI of the Civil Rights Act of 1964, the court, in its discretion, may

allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Since this provision tracks the language of titles II and VII of the Civil Rights Act of 1964, S.Rep. No. 94–1011, *supra* at 2; H.R. Rep. No. 94–1558, 94th Cong., 2d Sess. 5 (1976), the plaintiff requests us to extend the Supreme Court's holding in *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980).

In *Carey,* the plaintiff invoked state administrative and court remedies before filing a title VII action. After the defendant agreed prior to trial to comply with the results of the state proceedings, the case was dismissed on all issues except attorney's fees. The court construed title VII's fee provision [1] as entitling plaintiff's counsel to payment for work done in administrative proceedings. First, the phrase "action or proceeding" was held to contemplate administrative proceedings. The court compared the attorney's fee provisions of title II and title VII and noted that title II, which is enforceable solely by court suits, only compensates services that are rendered during "actions." Conversely, title VII, which is enforceable through both administrative and judicial channels, compensates work done in "actions or proceedings." The court ruled that in order for the term "proceedings" not to be surplusage, it must refer to administrative actions. *Id.* at 61, 100 S.Ct. at 2029. Second, the court reasoned that since title VII plaintiffs are required to pursue administrative remedies, attorney's fees must be available to compensate counsel's efforts during such proceedings. Otherwise, plaintiffs would be deterred from asserting meritorious claims by the prospect of having to pay fees. *Id.* at 63, 100 S.Ct. at 2030.

Despite the plaintiff's urgings to the contrary we hold that the analysis in *Carey*

---

1. 42 U.S.C. § 2000(e)–5(k). The provision reads:

   In any action or proceeding under this subchapter the court, in its discretion, may allow

the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs.

does not control the present case.[2] Although title VII provides for payment of attorney's fees in "actions or proceedings" whereas title II permits compensation only in "actions," Congress indicated that the wording of § 1988 follows the language of both title II and title VII. It is therefore difficult to infer that Congress intended the phrase "action or proceeding" in § 1988 to cover services rendered in pursuing optional administrative remedies. Since Congress referred to two statutes, one of which allows attorney's fees for such work while the other does not, the phrase "action or proceeding" in § 1988 is ambiguous.

Secondly, there is no congressional policy requiring plaintiffs who sue under the specific provisions listed in § 1988 to exhaust administrative remedies. *Latino Project, Inc. v. City of Camden,* 701 F.2d 262, 264 (3d Cir.1983); *Blow v. Lascaris,* 523 F.Supp. 913, 916 (N.D.N.Y.1981), *affd.,* 668 F.2d 670 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 225, 74 L.Ed.2d 179 (1982). *See, e.g., Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (§ 1983); *Cannon v. University of Chicago,* 441 U.S. 677, 706–08 n. 41, 99 S.Ct. 1946, 1962–63 n. 41, 60 L.Ed.2d 560 (1979) (title IX). This court has held, for instance, that plaintiffs bringing employment discrimination claims under § 1981 need not exhaust the administrative remedies which are available under title VII. *Long v. Ford Motor Company,* 496 F.2d 500, 503 (6th Cir.1974). Since Webb could have filed suit under § 1981 without pursuing administrative remedies, he would not have been deterred from asserting his federal rights had he known that fees would be unavailable to compensate his attorney for work done in the optional proceedings. Thus, the problem faced by the plaintiff in *Carey* is not present here.

The proper approach to the question at hand has been taken by the Second, Third,

Fifth and Eleventh Circuits. Three of those circuits have held that § 1988 does not provide an independent cause of action for attorney's fees earned in optional administrative proceedings. *Latino Project, supra; Estes v. Tuscaloosa County,* 696 F.2d 898, 901 (11th Cir.1983); *Lascaris, supra.* The Fifth Circuit has held that where "state proceedings do not form an integral part of the federal remedy," attorney's fees are unavailable under § 1988 for work done in such proceedings. *Redd v. Lambert,* 674 F.2d 1032, 1037 (5th Cir.1982). Since the plaintiff in this case was not required to pursue administrative relief, those proceedings clearly were not an integral part of his § 1981 remedy.

Plaintiff's counsel attempts to distinguish the decisions from the Second, Third and Eleventh Circuits on the ground that the plaintiffs in those cases prevailed at the administrative level and sued in federal court only for attorney's fees, whereas Webb lost during administrative proceedings and was forced to seek substantive relief as well. This argument is faulty because it makes the availability of attorney's fees dependent upon the fortuitous circumstance of whether the ultimately prevailing plaintiff won or lost at the administrative level. Since the weight of authority holds that plaintiffs who prevail during optional administrative proceedings are not entitled to attorney's fees under § 1988, we hold that plaintiffs who lose during such proceedings, but who eventually prevail, are not entitled to fees either.

The Supreme Court's opinion in *Carey* supports this conclusion. The court there held that the availability of compensation for administrative work "should not depend upon whether the complainant ultimately finds it necessary to sue in federal court to obtain relief other than attorney's fees."

---

**2.** At oral argument, the plaintiff argued that in light of *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983), precedents arising under title VII and § 1988 are interchangeable. Hence, it is said that *Carey* must be applied to this case. Although *Hensley* did hold that its principles applied to both title VII and § 1988 cases, the statement

occurred in the context of discussing who is a "prevailing party." In contrast, we consider the different question of whether a party who we hold to have prevailed (*see* Part III, *infra*) is entitled to attorney's fees for work done in optional administrative proceedings. Accordingly, this court is not precluded from distinguishing *Carey.*

447 U.S. at 66, 100 S.Ct. at 2032. A title VII plaintiff may therefore sue for attorney's fees in federal court regardless of whether he won or lost at the administrative level. Although the final result differs in § 1988 cases, the underlying principle cited above nevertheless applies.

We acknowledge the existence of case law supporting Webb's position. In *Brown v. Bathke*, 588 F.2d 634, 638 (8th Cir.1978),[3] a § 1983 case, the court held, without analysis and in reliance upon three title VII cases, that attorney's fees for services rendered in administrative proceedings are available at the discretion of the trial judge. As has been indicated, however, title VII cases in which plaintiffs are required to exhaust administrative remedies are not persuasive concerning the issue at hand.

The Seventh Circuit also would grant attorney's fees to Webb. *See Ciechon v. City of Chicago,* 686 F.2d 511, 524–25 (7th Cir. 1982); *cf. Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760 (7th Cir.1982) (title VII case involving optional administrative proceedings). The *Ciechon* decision's interpretation of the phrase "action or proceeding" and its application of the policies underlying *Carey* have been rejected for reasons already stated. We therefore decline to follow the seventh circuit's rule.[4]

Furthermore, we infer from the legislative history of § 1988 that Congress did not intend attorney's fee awards for optional administrative work. Although the legislative history does not directly address this issue, the Senate Report's statement of purpose contains the following language:

> The purpose and effect of S. 2278 are simple—it is designed to allow courts to provide the familiar remedy of reasonable counsel fees to prevailing parties *in suits* to enforce the civil rights acts which Congress has passed since 1866. . . .
>
> In many cases arising under our civil rights laws, the citizen who must *sue* to

enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights *in court.* [Emphasis supplied.]

S.Rep. No. 94–1011, *supra,* at 2, U.S.Code Cong. & Admin.News 1976, pp. 5908, 5909–5910. The notion that attorney's fees are available only for services rendered in court permeates the entire document. For instance, the Report's final substantive comment is that:

> Enforcement of the laws depends on governmental action and, in some cases, on private action *through the courts.* If the cost of private enforcement actions becomes too great, there will be no private enforcement. If our civil rights laws are not to become mere hollow pronouncements which the average citizen cannot enforce, we must maintain the traditionally effective remedy of fee shifting *in these cases.* [Emphasis supplied.]

*Id.* at 6, U.S.Code Cong. & Admin.News 1976, p. 5913.

Language in the House Report is consistent with this interpretation:

> In many instances where [the civil rights] laws are violated, it is necessary for the citizen to initiate *court action* to correct the illegality. . . . Because a vast majority of the victims of civil rights violations cannot afford legal counsel, they are unable to present their cases *to the courts.* [Emphasis supplied.]

H.R.Rep. No. 94–1558, *supra,* at 1. The Report then states that § 1988 is designed "to give [plaintiffs] effective access to the judicial process." *Id.* Finally, other courts which have considered the legislative history agree that Congress did not intend compensation for services rendered in optional administrative proceedings. *See Latino*

---

**3.** *Brown* was criticized in *Hensley,* 103 S.Ct. at 1940–41 n. 11, but not on this point.

**4.** *Bartholomew v. Watson,* 665 F.2d 910 (9th Cir.1982), does not support Webb's position.

The plaintiff in *Bartholomew* was required to exhaust state remedies pursuant to the *Pullman* abstention doctrine. The decision therefore is more akin to *Carey* than to the present case.

*Project,* 701 F.2d at 264; *Lascaris,* 668 F.2d at 671.

The plaintiff raises two counter-arguments. First, the House Report cites *Parker v. Matthews,* 411 F.Supp. 1059 (D.D.C. 1976), *affd. sub nom. Parker v. Califano,* 561 F.2d 320 (D.C.Cir.1977), for the proposition that a plaintiff who obtains relief through a consent decree rather than through a trial on the merits is entitled to attorney's fees. H.R.Rep. No. 94–1558, *supra,* at 7. Although this holding is unexceptional, some of the fees awarded in *Parker* were for services rendered in administrative proceedings. *Parker* is distinguishable, however, on the ground that it is a title VII case. Moreover, even if the reference to *Parker* supports Webb's position, that isolated instance does not outweigh the numerous indications throughout the legislative history that Congress intended only work done in court proceedings to be compensable under § 1988.

Second, Webb points out that in calculating attorney's fees, the courts are to include "all time reasonably expended on a matter" and are to use the same standards as are used in complex litigation such as antitrust so that the value of counsel's services will not be reduced simply because "the rights involved may be nonpecuniary in nature." S.Rep. No. 94–1011, *supra,* at 6, U.S.Code Cong. & Admin.News 1976, p. 5913. The plaintiff argues that the time devoted to the optional administrative process in this case was time that was "reasonably expended."

The error in this argument, as we have previously indicated, is that there is no congressional policy favoring exhaustion of administrative remedies before bringing suit under the statutes listed in § 1988. Moreover, the Supreme Court has said that there is disagreement over whether judicial or administrative procedures offer "the swiftest, least costly and most reliable remedy" in § 1983 litigation. *Patsy,* 102 S.Ct. at

2566 & n. 15. There is no reason not to apply this comment to § 1981 actions. We therefore conclude that time spent during optional state administrative proceedings is not time "reasonably expended" for purposes of § 1988.

Second, the directive to use the same standards as are used in other types of complex litigation in placing a value upon counsel's services only becomes operative if those services fall within the purview of § 1988. Since we have held that the administrative work done by Webb's counsel is not compensable, the cited instruction is irrelevant.

## III.

■ On cross-appeal, the defendants argue that the award of attorney's fees for services rendered before the district court must be reduced either because Webb did not fully prevail on his § 1981 complaint[5] or because the amount awarded per hour was excessive.

Although the plaintiff's complaint originally was filed as a class action, no class was ever certified and Webb obtained only individual relief pursuant to the settlement agreement. The defendants admit that Webb is a prevailing party who is entitled to attorney's fees. They nevertheless argue that because of the limited relief obtained, the plaintiff's attorney's fee must be reduced for it to be "reasonable" under *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). They first contend that since the plaintiff's individual claims are "unrelated" to his class action claims, *id.* at 1940, his attorney is not entitled to compensation for time spent drafting the class allegations in the complaint. Having reviewed the complaint, however, we hold that the individual and class allegations are sufficiently related such that no reduction in fees is merited on this ground.

Second, the defendants argue that however significant Webb's individual relief

---

**5.** The defendants have raised this issue in a supplemental brief filed after oral argument. The court has allowed the brief to be filed because the defendants' argument implicates

the Supreme Court's decision in *Hensley,* which was decided one day before the oral argument in the present case.

may be, it "is limited in comparison to the scope of the litigation as a whole," *id.* at 1943, because the complaint asserted a class action. This case did not proceed to trial, however; nor is there any demonstration that significant pre-trial preparation was devoted to the class allegations. Under these circumstances, the defendants' argument is reducible to the notion that whenever a plaintiff settles for individual relief and the complaint happens to include class allegations, the plaintiff's attorney's fee must be reduced. We decline to adopt such a rigid rule.

Third, the defendants contend that the plaintiff's attorney inadequately documented the number of hours devoted to the district court proceedings. We have reviewed the affidavit of plaintiff's attorney and conclude that this argument is without merit. Finally, the defendants assert that the amount awarded to the plaintiff's attorney was excessive. We hold that the district court did not abuse its broad discretion in making this award. *Id.* at 1941. The judgment of the district court is AFFIRMED.