**C. Mack CAIN, Plaintiff,**

**v.**

**COMMONWEALTH OF VIRGINIA et al., Defendants.**

**Civ. A. No. 82–0334–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Feb. 27, 1984.

**532**

Mary Lynn Tate, Abingdon, Va., for plaintiff.

Neil McPhie, Richmond, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is before the court on the defendants' motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). In a previous Memorandum Opinion and Order, 574 F.Supp. 559, this court held that the plaintiff was denied procedural due process because the defendants denied him a right to an impartial arbitrator in a state grievance proceeding. The court rendered judgment in monetary damages for back pay against the defendant Merritt alone for the plaintiff from the time he was fired up until the day of the decision and granted injunctive relief, directing the defendants to reinstate the plaintiff. By a subsequent Order dated December 7, 1983, this court

awarded to Mary Lynn Tate, Esquire, counsel for the plaintiff, $11,150.85 in attorney's fees and costs pursuant to 42 U.S.C. § 1988 (Supp. V. 1981). The defendants now contend that the plaintiff is not entitled to recover fees and costs for work performed in state administrative and judicial proceedings, and that the attorney's fees are unreasonable. Consequently, they request that the award of attorney's fees and costs be significantly reduced.

## I. STATE ADMINISTRATIVE AND JUDICIAL PROCEEDINGS

Several circuit courts have held that counsel for the prevailing party are not entitled under 42 U.S.C. § 1988 to attorney's fees and costs earned in optional administrative hearings, *see Webb v. County Board of Education of Dyer County*, 715 F.2d 254, 257 (6th Cir.1983); *Latino Project, Inc. v. City of Camden*, 534 F.Supp. 390 (D.N.J.1982), *aff'd*, 701 F.2d 262, 264 (3d Cir.1983), *Estes v. Tuscaloosa County*, 696 F.2d 898, 900 (11th Cir.1983); *Blow v. Lascaris*, 523 F.Supp. 913, 916 (N.D.N.Y.1981), *aff'd*, 668 F.2d 670 (2d Cir.), *cert. denied*, 459 U.S. 914, 103 S.Ct. 225, 74 L.Ed.2d 179 (1982), or in prior state judicial proceedings that are not an integral part of the federal remedy, *see Redd v. Lambert*, 674 F.2d 1032, 1037 (5th Cir. 1982). 42 U.S.C. § 1988 provides, in pertinent part:

> *In any action or proceeding to enforce a provision* of §§ 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

(Emphasis added). These courts have interpreted the statutory language and legislative history [1] as requiring a suit in federal

---

1. The legislative history of the Civil Rights Attorney's Fees Awards Act of 1976 states that the purpose of the Act is "to allow courts to provide the familiar remedy of reasonable counsel fees to prevailing parties in *suits* to enforce the civil rights acts which Congress has passed since

1866." S.Rep. No. 1011, 94th Cong., 2d Sess. 1–2, *reprinted in* 1976 U.S.Code & Cong.Ad.News 5908, 5909–10. The Senate contemplated that "[e]nforcement of the laws depends on governmental action and, in some cases, on private *action through the courts.*" *Id.* at 6, *reprinted in*

court to vindicate federally protected rights before awarding attorney's fees. The Fourth Circuit has not ruled on this issue yet.

Most appellate courts which have decided the issue refuse to expand the Supreme Court's holding in *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). In the *Carey* case, the Court held that sections 706(f) and 706(k) of Title VII, 42 U.S.C. § 2000e–5(f, k), authorize the award of attorney's fees to the prevailing complainant in state administrative and judicial proceedings under Title VII. Section 706(k) provides: "In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs." Congress intended the phrase "any proceeding" to incorporate the various state and local remedies as well as the supplemental federal action. Part of the relief afforded victims of employment discrimination is a *res* to pay the prevailing party's attorney's fees. *Id.* at 63–64, 67–68, 100 S.Ct. at 2030–31, 2032–33. Under the supplemental scheme if state or local remedies are not exhausted within a sixty-day deferral period, the EEOC takes concurrent jurisdiction. Unlike Title VII actions, plaintiffs bringing suits under the Civil Rights Acts do not need to exhaust state remedies before filing their suit. *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (§ 1983); *Cannon v. University of Chicago*, 441 U.S. 677, 706–08 n. 41, 99 S.Ct. 1946, 1962–63 n. 41, 60 L.Ed.2d 560 (1979) (title IX). Consequently, the strong Congressional policy does not justify

awarding attorney's fees for permissive state proceedings.

One circuit court in a § 1983 case has upheld an award of attorney's fees covering work performed on a state court case. In *Bartholomew v. Watson*, 665 F.2d 910 (9th Cir.1982), a state court action was initiated solely because the federal court abstained from deciding a question of state law, resolution of which could have disposed of the case without deciding the constitutional issue. After abstaining the court determined that the state proceeding was an integral part of the claim, like the state proceedings under Title VII. *Id.* at 912–14.

The case at bar is similar to the *Carey* and *Bartholomew* cases. Counsel for the plaintiff had a *sui generis* situation when this case was filed. At the time this court had decided another § 1983 case, *Detweiler v. Virginia*, Civil Action No. 81–0039–A (W.D.Va. April 8, 1982). Detweiler, an employee of the Commonwealth of Virginia, alleged that he had a property interest in his continued employment, that the grievance proceeding pertaining to the discharge of employees did not comply with the requirements of due process of law, that the Commonwealth failed to follow the grievance procedures, and that he was unable to secure favorable witnesses because his superior intimidated them. This court held that while Detweiler had a property interest in his continued employment, he was barred because he did not appeal the adverse arbitrational decision to a state circuit court.[2] Thus the court dismissed the case. On appeal, the Fourth Circuit Court of Appeals vacated and remanded the por-

---

1976 U.S.Code Cong. & Ad.News at 5913. (Emphasis added). The House substantially agreed that attorney's fees are available for court actions.

> In many instances where [the civil rights] laws are violated, it is necessary for the citizen to initiate *court action* to correct the illegality .... Because of a vast majority of the victims of civil rights violations cannot afford legal counsel, they are unable to present their cases *to the courts.*

(Emphasis added). H.R.Rep. No. 1558, 94th Cong., 2d Sess. 1. *See also Webb v. County*

*Board of Education of Dyer County*, 715 F.2d 254, 258 (6th Cir.1983).

**2.** The Commonwealth argued this defense of failure to appeal before this court, but on appeal the assistant attorney general stated, "I'd like to point out to the court that [the district court] did make a mistake with regard to the appeal to the state court. There is no appeal ...." *Detweiler v. Virginia*, 705 F.2d 557, 562 n. 9 (4th Cir.1983).

tion of the court's opinion holding that Va. Code § 8.01–580 (Repl.Vol.1977 & Supp. 1983) grants Detweiler a right to appeal the arbitrational decision. The circuit court rendered its opinion on April 14, 1983. *Detweiler v. Virginia*, 705 F.2d 557 (4th Cir.1983). During the interim from April 8, 1983 until shortly after April 14, 1983, the plaintiff's counsel brought an action for a temporary restraining order prior to the state grievance proceeding alleging an impartial panel was about to hold an arbitration. On December 14, 1982, this court denied the temporary restraining order, noting that the law required an impartial arbitrator when the arbitration did occur. Subsequently, a partial panel heard the dispute, and following the precedent of the *Detweiler* case, the plaintiff's attorney appealed the adverse decision to the Circuit Court of Washington County. While that state court action was in progress, the Fourth Circuit issued its opinion.

■ Under the circumstances, the plaintiff's attorney acted prudently in pursuing the state action. The appeal was an integral part of the plaintiff's federal remedy; without it he also would find his case dismissed for failure to appeal to a state circuit court. Accordingly, the plaintiff is entitled to attorney's fees for the state and administrative proceedings.

## II. REASONABLENESS OF FEE

■ The district court, in its discretion, must determine the "reasonableness" of the attorney's fee. *Hensley v. Eckerhart*, —— U.S. ——, ——, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). In *Eckerhart*, the Supreme Court suggested that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* However, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* at ——, 103 S.Ct. at 1940. Other considerations, such as the "results

obtained" and other factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), may lead the district court to raise or lower the amount of the fee. *See also Anderson v. Morris*, 658 F.2d 246 (4th Cir.1981). The Court held that

> the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claims should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley v. Eckerhart*, —— U.S. at ——, 103 S.Ct. at 1943.

■ Preliminarily, the court concludes that the plaintiff has prevailed on the merits of the case and has received substantial relief under the court's previous Memorandum Opinion and Order. Thus, the plaintiff is entitled to a recovery of attorney's fees based upon the time expended upon the entire case.

The Commonwealth contends that the attorney's fees and costs are unreasonable because the enumerated performances of work in the affidavit of the plaintiff's counsel do not differentiate between clerical and legal work; because the rate per hour does not distinguish between judicial, administrative, and office time; because the time spent reviewing and preparing correspondence is excessive; and because the amount of time spent in hearings before this court is excessive. Upon these assertions, the defendants request that the fee be reduced.

■ Following the steps set forth in *Eckerhart* and *Morris,* the court must determine the number of hours reasonably expended. As concluded above, the plaintiff is entitled to recover attorney's fees for the proceedings in state court and before the grievance panel. The plaintiff's attorney rebuts the defendants' assertion that answering the interrogatories was unnecessary by pointing out that the plaintiff answered those interrogatories at the Commonwealth's request after the plaintiff's motion for summary judgment was filed. (Plaintiff's Response to Defendants' Memorandum in Opposition to Attorney's Fees and Costs at 2). Counsel for the plaintiff also responds that the fee petition covers her work except for a single piece of correspondence that her clerical staff signed. (*Id.* at 5). Using the court reporter's calculation of time in the courtroom, the defendants also object to the amount of time allocated for courtroom work. This contention is unrealistic because part of the time included in the attorney's fee was spent in the court's chambers off the record discussing procedural preparation of the case before going into the courtroom. Furthermore, some time was spent consulting with defense counsel and waiting for the court. The court finds that the attorney's time spent reviewing correspondence and preparing for the proceedings is reasonable and is not duplicative.

Next the court must multiply the reasonable number of hours by a reasonable hourly rate. The defendants contend that a double standard should be used, that is, a courtroom rate and an all-other work rate. The prevailing rate in this area is a flat rate of one hundred dollars for all work performed in a case of this type with an experienced attorney. The court finds that the hourly rate charged is reasonable.

Once an initial estimate is reached, the court may consider other factors,[3] including the "results obtained." As noted above, the plaintiff succeeded on his motion for summary judgment and obtained the relief he sought. Thus, while the court decided only one issue, the action as a whole was successful. The court is of the opinion that the undesirability of a § 1983 civil rights case, and the experience and ability of the plaintiff's counsel as well as the other factual findings permit the court to leave the attorney's fees at the amount set in the court's previous Order.

Finally, the defendants contend that costs for a court reporter are excessive. The plaintiff rebuts that an accurate transcript was necessary to provide a meaningful judicial review of his claims. The court finds that the transcript was necessary, and thus, the cost of the court reporter is not excessive.

Accordingly, this court finds that the attorney's fees and costs are reasonable and denies the defendants' motion to alter or amend judgment.

---

**3.** The Fourth Circuit Court of Appeals approved the now-famous twelve factors originally set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 717–19. *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir.1978). The twelve guidelines are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.