Dolores GARCIA, Plaintiff-Appellant,

and

Elis B. Torres, Intervenor-Appellant,

v.

Lawrence B. INGRAM, Secretary of the New Mexico Human Services Department, Defendant-Appellee.

No. 82–2132.

United States Court of Appeals, Tenth Circuit.

March 12, 1984.

James A. Burke, Santa Fe, N.M., for plaintiff-appellant.

Richard J. Rubin, Gen. Counsel, Santa Fe, N.M. (Richard Shapiro, Asst. Atty. Gen., Santa Fe, N.M., on brief), for defendant-appellee.

Before McKAY, BREITENSTEIN and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

Appellant seeks reversal of the district court's order dismissing her action for attorney's fees under 42 U.S.C. § 1988 (1976 & Supp. V 1981).

Appellant was receiving Homemaker Services under Title XX of the Social Security Act. 42 U.S.C. § 1397 (1976 & Supp. V 1981). Upon being notified that the benefits were to be terminated, she requested an administrative hearing, for which she retained counsel. The hearings officer found that appellant had been given insufficient notice of termination. The parties stipulated that appellant would withdraw the appeal filed with her caseworker and the state of New Mexico would restore her eligibility for benefits. The stipulations contained an express reservation for counsel to seek attorney's fees. Appellant's counsel filed the instant section 1988 action, seeking attorney's fees as the prevailing party in a "proceeding" to enforce provisions of 42 U.S.C. § 1983.*

The issue is whether section 1988 authorizes an award of attorney's fees to plaintiffs who substantially prevail in state administrative proceedings without filing a civil complaint on the merits. The weight of authority holds that section 1988 does not provide a basis for an attorney's fee award in this situation. *Webb v. County Board of Education,* 715 F.2d 254 (6th Cir.1983); *Horacek v. Thone,* 710 F.2d 496 (8th Cir.1983); *Latino Project, Inc. v. City of Camden,* 701 F.2d 262 (3d Cir.1983); *Redd v. Lambert,* 674 F.2d 1032 (5th Cir. 1982); *Blow v. Lascaris,* 523 F.Supp. 913 (N.D.N.Y.1981), *aff'd,* 668 F.2d 670 (2d Cir.), *cert. denied,* 459 U.S. 914, 103 S.Ct. 225, 74 L.Ed.2d 179 (1982). Appellant contends that *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), provides a basis for such an award. This argument was also considered and rejected in *Webb, Horacek v. Thone, Latino Project,* and *Redd v. Lambert.* While we cannot hold that the term "proceeding" is mere surplusage, we find the reasoning of these cases convincing and thus hold that the term "proceeding" does not include a nonmandatory state administrative proceeding.

Appellant argues that it is anomalous to deny attorney's fees where a party resolves a dispute through an avenue requiring a minimum of time and expense, and which is not burdensome on the crowded federal court docket, while awarding attorney's fees to a party who forces the case to court—thus clogging the courts and expending a great deal more time and money. We are sympathetic to this logic, but we may not award attorney's fees unless they are authorized by statute, *see Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and the statute here does not provide authorization for such an award.

AFFIRMED.

---

* The relevant part of section 1988 provides:
    In any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (Supp. V 1981).